**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| WENDY'S NETHERLANDS B.V., | : | Case No.: |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| HEATHER LEVY, | : | |
| | : | |
| Respondent, | : | |
| | : | |
| | : | |

---

**WENDY'S NETHERLANDS B.V.'S EXPEDITED MOTION TO COMPEL HEATHER LEVY'S COMPLIANCE WITH SUBPOENA**

---

Plaintiff, Wendy's Netherlands B.V. ("Wendy's"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 45, moves for an Order overruling non-party Heather Levy's ("Mrs. Levy") objections to and compelling compliance with the subpoena dated April 2, 2026 (the "Subpoena"), attached as **Exhibit A**, and ordering that she must produce documents responsive to the Subpoena by May 18, 2026.[1]  In support, Wendy's states the following:

## I.      Introduction

This case arises from Defendant Andrew Levy's ("Mr. Levy" or "Defendant") attempt to avoid a cognovit judgment entered against him by the Franklin County Court of Common Pleas, following his failure to repay amounts previously loaned to him as he had promised.  Defendant, a sophisticated businessman and long-time franchisee of Wendy's restaurants, owes Wendy's

---

[1] Wendy's attempted to file this motion on the evening of May 11, 2026, but repeatedly received the following error notification from the Court's filing system: "This case is in the process of being opened, please check back later for additional information." As a result, Wendy's was unable to complete the filing until the morning of May 12, 2026.

more than $6 million arising out of contractual obligations he made with respect to business operations in Brazil. On or about October 20, 2015, and August 2, 2017, Wendy's entered into two separate Credit Agreements (together, the "Credit Agreements") with an entity called WBR Franquais Participacoies LTDA (the "Borrower"), whereby Wendy's agreed to loan a certain amount of money to Borrower. This business loan was given to support the development and operation of restaurants in Brazil, through a certain joint venture. Concurrent with the first Credit Agreement, on or about October 20, 2015, Wendy's entered into a Guarantee Agreement with Defendant and Starboard, which was subsequently amended on or about August 2, 2017, and January 19, 2018 (together, the "Guarantee"). Pursuant to the Guarantee, Defendant and Starboard, jointly and severally, guaranteed the prompt and complete payment and performance by the Borrower of its obligations under the terms of the Credit Agreements.

On February 23, 2020, Wendy's and Defendant entered into the Cognovit Promissory Note (the "Cognovit Note") that is the subject of the legal proceeding pending in the Southern District of Ohio. The Cognovit Note evidences and secures the debt owed by Defendant, individually, to Wendy's that Defendant admitted was due and owing pursuant to his obligations under the Guarantee. Defendant received concessions from Wendy's in consideration for the Cognovit Note. Defendant initially made years of payments under the Cognovit Note, but he failed to timely make the quarterly payment due on January 15, 2024, and April 15, 2024. He thus defaulted and a judgment was entered against him by the Franklin County Court on May 3, 2024.

After the judgment was entered, Defendant removed the case to the Southern District of Ohio (Case No. 2:24-cv-03077) and then moved to vacate the judgment, alleging that he executed the Cognovit Note under duress.[2] Levy put his financial asset information at issue by alleging that

---

[2] He claims "duress" despite the fact he had counsel of choice negotiate the terms of the Note over four months, including to gain concessions of over $1.2 million reduced from the Note due to his negotiations.

Wendy's made a threat that would cause him "financial death," such that Levy's had no choice but to comply with Wendy's wish for Levy to execute a Cognovit Note.

Levy asserted that such a termination of his domestic Wendy's franchises "would have eliminated Levy's sole source of livelihood…leaving him with no meaningful alternative means of support." Levy Response to Interrogatory No. 8, attached as **Exhibit B**. Levy further contended that "his income, business operations, employees, contractual obligations, and long-term financial stability were all directly tied to Wendy's franchise agreements." *Id.*

Due to Levy's injection of the issue and his claim of economic duress, as part of its discovery requests, Wendy's requested information and documents related to Mr. Levy's financial asset information during the relevant time period. Defendant objected to providing financial discovery, and on April 7, 2026, the Southern District of Ohio overruled his objections and held that "Plaintiff is entitled to reasonable discovery on Defendant's financial asset information." [April 7, 2026 Order, ECF No. 93, at PageID # 2809].   Wendy's has significant reason to believe that Mr. Levy has transferred significant assets to his wife, and his business enterprise is extensively integrated with his wife.  Accordingly, Wendy's served the attached Subpoena on Mrs. Levy, Defendant's wife, seeking certain documents related to her financial status during the relevant time period.  Wendy's needs to know if Mrs. Levy has significant assets (either of her own or from Mr. Levy) because that effects whether Mr. Levy truly was facing financial death due to Wendy's alleged threat.  Mrs. Levy responded to the Subpoena, asserting several boilerplate objections.  She did not produce any responsive documents.

The documents requested are highly relevant to the pending action, as they seek documents relating to Mrs. Levy's financial status and knowledge regarding any financial duress allegedly exerted upon her husband, Mr. Levy.  Wendy's has sent follow-up communications (including a

3

discovery deficiency letter attached as **Exhibit C**) seeking compliance with its document requests. Wendy's also had a meet and confer with counsel for Mrs. Levy on May 11, 2026, at 4:30 p.m., but Mrs. Levy continues to refuse to comply with the document requests.  Further, Mrs. Levy has not properly claimed a privilege as a basis for withholding any subpoenaed information as required under the Rules.  *See* Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii).  Thus, Wendy's now requests an Order in the Southern District of Florida where Mrs. Levy resides, overruling Mrs. Levy's objections and compelling compliance with the Subpoena.  This Court has authority to enforce the Subpoena because compliance was required within this District. Fed. R. Civ. P. 45(d)(2)(B)(i); 45(g).

II.      **Argument**

      A.      **Wendy's is entitled to the documents it requested from Mrs. Levy, and Mrs. Levy must comply with the Subpoena.**

Rule 45 permits parties in legal proceedings to command a non-party to produce documents. Fed. R. Civ. P. 45(a)(1).  Upon objection, "[a]t anytime, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2023 WL 1965998, at *2 (S.D. Fla. Jan. 18, 2023) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).  A subpoena should not impose undue burden or expense on a person subject to the subpoena.  *See* Fed. R. Civ. P. 45(d)(1).  "Among the factors a Court considers in deciding if a subpoena imposes an undue burden on a non-party are 'relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request.'" *In re Zantac (Ranitidine) Products Liab. Litig.*, No. 20-MD-2924-RLR, 2022 WL 19919676, at *2 (S.D. Fla. Aug. 15, 2022) (quoting *Bozeman v. Chartis Cas. Co.,* Case No. 2:10–cv–102–FtM–36SPC, 2010 WL 4386826, *3–4 (M.D. Fla. Oct. 29, 2010)).  Wendy's has requested a narrow set of documents that are highly relevant to this action.  Indeed, Andrew Levy

has affirmatively asserted a duress defense premised on an alleged fear of "financial death."  By doing so, as recognized by the Southern District of Ohio, he has placed his financial condition squarely at issue.  And because his finances are so integrated with his wife (they file jointly, she manages related franchise businesses, etc.), the existence and extent of financial resources available to him and Mrs. Levy bears directly on whether Mr. Levy's asserted fear of financial death was genuine or reasonable.  Wendy's requests just six narrowly tailored categories of financial information; and, in overruling Mr. Levy's similar objections, the Southern District of Ohio in which this action is pending already determined that the requested information is relevant to and probative of the issues this case. [*See* April 7, 2026 Order, ECF No. 93, at PageID # 2809].

Wendy's need for Mrs. Levy's documents is evidenced by the fact that the Levys own several entities together and have a history of shuffling assets among them.  For example, specific evidence concerning Montana Haze LLC underscores this need: Mrs. Levy and Mr. Levy were the only two members when Montana Haze LLC was established in 2019; Mr. Levy removed himself as a member in 2020, leaving Mrs. Levy as the sole member; and Mr. Levy then caused $1.55 million to be transferred from his company Starboard to Montana Haze through 33 transactions that identified Mr. Levy and Montana Haze as joint recipients. These facts make Mrs. Levy's records independently probative of the financial resources available to Mr. Levy and the reasonableness of his claimed fear of "financial death."  Similarly, Mrs. Levy made decisions on behalf of entities owned by her and Mr. Levy, and she has knowledge and information about the financial status of these entities during the relevant period.  For example, evidence shows that on October 14, 2019, Mrs. Levy, as Manager of HL Investments, LLC, signed a letter of intent to purchase three Wingstop Restaurants for $1 million.  A copy of the signed letter of intent is attached as **Exhibit D**.  Thus, Wendy's is entitled to its requested documents because Mrs. Levy

clearly has access to significant capital, and her and Mr. Levy have been moving around assets among their various entities during the relevant period.

The Subpoena is also proportional and tailored to the needs of this case. Wendy's seeks six targeted categories of financial information, and the Ohio court has already held that financial discovery is relevant and ordered Mr. Levy to produce financial information.

**B.      Mrs. Levy's objections to the Subpoena are meritless and should be overruled.**

In her objections, Mrs. Levy relies on generalized assertions of relevance, proportionality, and burden; however, she does not identify any specific facts showing that compliance would impose an undue burden. A copy of Mrs. Levy's objections to Wendy's Subpoena is attached as **Exhibit E**. Such "boilerplate objections and generalized responses are improper" and should be overruled. *Rivera v. 2K Clevelander, LLC*, 2017 WL 5496168, at *2 (S.D. Fla. Feb. 22, 2017) ("This District has frequently held that objections which fail to sufficiently specify the grounds on which they are based are improper and without merit."); *see id.*, at *3 ("Courts in the Eleventh Circuit have also cautioned parties that boilerplate objections are borderline frivolous .… This means that parties cannot simply assert that discovery requests are 'unduly burdensome' but 'must show specifically how … each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive' …. A similar principle governs objections on the basis of privilege." (alternations in original; internal citations omitted)); *id.*, at *4 ("The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought.").

Mrs. Levy's relevance objection also fails. Mr. Levy has made the alleged fear of "financial death" the centerpiece of his duress defense, thereby placing his financial condition at issue. Because Mr. and Mrs. Levy shared wealth and frequently transferred assets between

6

themselves and their companies, documents showing what they jointly owned, what Mrs. Levy owned separately, and what assets moved between them or their companies are directly relevant to whether Mr. Levy's asserted fear was genuine or reasonable.

Mrs. Levy also cannot evade compliance through categorical objections to privacy. As an initial matter, Wendy's requested documents, not just communications.  And to the extent Mrs. Levy invokes Florida's constitutional privacy provision, that objection is misplaced: this case is pending in federal court in Ohio, federal law governs discoverability, and Florida's constitutional privacy provision does not bind the Ohio court.  *See Westgate Resorts, Ltd. v. Castle Law Group, P.C.*, No. 6:17-cv-1063-Orl-31DCI, 2018 WL 11252097, at *1 (M.D. Fla. Mar. 7, 2018) ("[The Florida Constitution's right to privacy] would not apply in a discovery dispute in federal court."). Even if Florida's privacy interest applied, Wendy's has satisfied the relevance and compelling-need standards.  Mrs. Levy's personal financial information, including her assets, is directly relevant because Mr. Levy's duress defense turns on his alleged fear of financial death, and his wife's financial status bears directly on the validity of that position.

Mrs. Levy's burden argument likewise fails.  She argues that it would be unduly burdensome for her to obtain responsive documents from accountants and bookkeepers.  But she does not make a particularized showing in this regard.  She does not explain how or why obtaining documents from her accountant would be burdensome, let alone unduly so.  And the records are within her control.  *See Rivera v. Amalgamated Debt Collection Servs., Inc.,* No. 05-CV-20176, 2006 WL 8433127, at *1 (S.D. Fla. Apr. 4, 2006) ("Financial records of the defendant in the possession of defendant's accountant are documents which defendant has the legal right to obtain. Therefore, defendant should have produced the financial records of defendant's accountant upon receipt of the request for production and the deposition notice.").

Mr. Levy has argued that, without the Wendy's franchises, he would have "no meaningful means of support," and his "long-term financial stability" would be crushed. Levy Response to Interrogatory Nos. 8 & 9. If Mrs. Levy is displeased that she must produce financial asset discovery, the complaint lies with her husband for clearly and aggressively injecting that issue into the pending case; the grievance does not lie with Wendy's for reasonably seeking to determine the truth of Mr. Levy's allegations. Mrs. Levy's objections to Wendy's Subpoena should be overruled and Mrs. Levy should be ordered to comply with the Subpoena.

**III.     Grounds for the Expedited Nature of this Motion**

Given that the Southern District of Ohio has only allowed depositions to extend until May 22, 2026, Wendy's respectfully requests that Mrs. Levy be ordered to respond to this motion by May 13, 2026, and that the ruling requires Mrs. Levy to produce responsive documents by May 18, 2026.[3] Wendy's needs a ruling on this Motion by the requested date because Mrs. Levy has information that relates to Mr. Levy's duress defense, and Mrs. Levy has failed to respond to Wendy's requests to correct her deficiencies and produce responsive documents, despite significant efforts of Wendy's counsel.

**IV.     Conclusion**

WHEREFORE, Wendy's respectfully requests that this Court overrule Mrs. Levy's objections to the Subpoena and order that Mrs. Levy comply with the Subpoena by producing documents responsive to the requests therein no later than May 18, 2026.

Respectfully submitted,

    /s/  Mitchell L. McBride
Cary Aronovitz, Esq.
Florida Bar No. 86425

---

[3] The parties intend to file a motion with the Court in the Southern District of Ohio seeking a short extension to take the depositions of Mr. and Mrs. Levy.

Mitchell L. McBride
Florida Bar No. 1025234
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Cary.Aronovitz@hklaw.com
Mitchell.mcbride@hklaw.com

*Attorney for Plaintiff, Wendy's Netherlands B.V.*

<u>Certificate of Conferral</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. The parties conferred my email and by zoom on May 11, 2026, and have not resolved this matter.

<u>/s/ Mitchell L. McBride</u>

9